UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KEVIN SMITH,

        Plaintiff,

v.

INCOMM FINANCIAL SERVICES, INC., et al.,

        Defendants.

Case No. 23-cv-04687-BLF

**ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTION IN CONNECTION WITH MOTION TO DISMISS**

[Re: ECF No. 51]

Before the Court is Defendant InComm Financial Services, Inc.'s ("InComm") administrative motion to file under seal in connection with Defendants' motion to dismiss Plaintiff's amended complaint. ECF No. 51. The Court has considered the motion, and its ruling is laid out below.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civ. L.R. 79-5(c)(3).

**II.  DISCUSSION**

Because the motion to seal pertains to a declaration in support of a motion to dismiss, the Court will apply the "compelling reasons" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1098.

InComm filed an administrative motion to file under seal that seeks to seal the entirety of the declaration of Alison Ledford and its corresponding exhibits in support of Defendants' motion to dismiss.  The administrative motion also seeks to seal the entirety of the declaration of Ryan Lewis in support of the sealing motion.  ECF No. 51.  InComm argues that these documents contain information "that, if made public, could facilitate third-party criminal activity, compromise customer privacy, and cause significant competitive harm to InComm." *Id.* at 1.  No party has filed an objection to the motion.

Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances.  *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions, corporate structure, and settlement agreements under the more stringent compelling reasons standard); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (finding compelling reasons to seal non-public information related to a company's business model); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial

1  information"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable

2  "business information that might harm a litigant's competitive standing"). Compelling reasons

3  also exist to seal records that may impede a business's "ability to identify and combat future

4  instances of fraud." *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *2 (C.D.

5  Cal. Feb. 27, 2023) (quoting *Soria v. U.S. Bank N.A.*, No. SA-CV 17-00603- CJC (KESx), 2019

6  WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019)). The Court finds compelling reasons to seal the

7  information in the exhibits accompanying Ms. Ledford's declaration identified in the table below.

8  These documents discuss non-public information about InComm's internal business practices,

9  which, if released, would cause InComm competitive harm or impede InComm's ability to

10  identify and combat future instances of fraud.

11        The Court further finds that InComm's requests to seal the exhibits are "narrowly tailored

12  to seal only the sealable material." Civ. L.R. 79-5(c)(3). Although InComm seeks to seal the

13  entirety of Exhibits 1, 2, and 3, these documents are composed entirely of single-page printout

14  copies of InComm's internal computer systems used for fraud detection and maintaining internal

15  reports. Accordingly, the Court finds that the request to seal the entirety of these documents is

16  narrowly tailored.

17        However, the motion to seal the Ledford Declaration and the Lewis Declaration is denied

18  because it is not narrowly tailored. *See* Civ. L.R. 79-5 ("A party must explore all reasonable

19  alternatives to filing documents under seal, minimize the number of documents filed under seal,

20  and avoid wherever possible sealing entire documents").

21        The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 51-3 | Decl. of Alison Ledford in Support of Defendants' Motion to Dismiss the Amended Complaint | Entirety | DENIED as not narrowly tailored. |

| | | | |
|---|---|---|---|
| ECF 51-4 | Exhibit 1 to the Ledford Declaration | Entirety | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| ECF 51-5 | Exhibit 2 to the Ledford Declaration | Entirety | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| ECF 51-6 | Exhibit 3 to the Ledford Declaration | Entirety | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| ECF 51-1 | Decl. of Ryan Lewis in Support of Sealing Motion | Entirety | DENIED as not narrowly tailored. |

The above denials are WITHOUT PREJUDICE to Incomm filing a renewed motion to seal that proposes more narrow redactions to the Ledford Declaration and Lewis Declaration within 7 days of the date of this Order.

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant InComm Financial Services, Inc.'s Administrative Motion to File Under Seal in Connection Defendants' Motion to Dismiss is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.  Incomm may file a renewed sealing motion that proposes more narrow redactions to the Ledford and Lewis Declarations within 7 days of the date of this Order.

Dated:

_____
BETH LABSON FREEMAN
United States District Judge