UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>INCOMM FINANCIAL SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-04687-BLF<br><br>**ORDER GRANTING RENEWED SEALING MOTION IN CONNECTION WITH MOTION TO DISMISS**<br><br>[Re: ECF No. 58] |

Before the Court is Defendant InComm Financial Services, Inc.'s ("InComm") renewed administrative motion to file under seal in connection with Defendants' motion to dismiss Plaintiff's amended complaint. ECF No. 58. For the reasons described below, the Court rules the administrative motion at ECF No. 58 is GRANTED.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civ. L.R. 79-5(c)(3).

**II.  DISCUSSION**

Because the motion to seal pertains to a declaration in support of a motion to dismiss, the Court will apply the "compelling reasons" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1098.

InComm filed a renewed administrative motion to file under seal that seeks to seal highlighted portions of Alison Ledford's and Ryan Lewis's declarations. ECF No. 58. InComm argues that these documents should be sealed because they "reveal confidential information on InComm's internal systems and business practices." *Id.* at 2. InComm also argues that "[t]he proposed redactions are narrowly tailored as required by Civ. L.R. 79-5(c)(3)." *Id.* No party has filed an objection to the motion.

Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances. *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *3 (N.D. Cal. June 18, 2019) (finding compelling reasons to seal non-public information concerning business transactions, corporate structure, and settlement agreements under the more stringent compelling reasons standard); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, No. 21-CV07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (finding compelling reasons to seal non-public information related to a company's business model); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports, and other such materials that could harm a party's competitive standing.'" (quoting *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019))); *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023)

(finding compelling reasons to seal "[n]on-public sensitive financial information"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Compelling reasons also exist to seal records that may impede a business's "ability to identify and combat future instances of fraud." *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *2 (C.D. Cal. Feb. 27, 2023) (quoting *Soria v. U.S. Bank N.A.*, No. SA-CV 17-00603- CJC (KESx), 2019 WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019)).

The Court finds compelling reasons to seal the information in Ms. Ledford's and Mr. Lewis's declarations identified in the table below. The information highlighted in these documents discuss non-public information about InComm's internal business practices, which if released, would cause InComm competitive harm or impede InComm's ability to identify and combat future instances of fraud. The Court previously denied without prejudice InComm's motions to seal Ledford's and Lewis's declarations because Incomm sought to seal entire documents and therefore, were not narrowly tailored. ECF No. 57 at 3–4 (citing Civ. L.R. 79-5(c)(3)). The Court finds that Defendant's more narrow redactions are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 58-3 | Decl. of Alison Ledford in Support of Defendants' Motion to Dismiss the Amended Complaint | The highlighted portions of ¶¶ 9–10, 12–16, and 18–19 | GRANTED as the highlighted portions contain confidential information about InComm's internal business practices and procedures for call center liaisons to follow, and for handling replacements and refunds, as well as internal InComm systems used for customer service and combatting fraud, that if made public, could cause InComm competitive harm or impede InComm's ability to identify and combat future instances of fraud. *See* Lewis Decl. ¶¶ 12–18, 22–24 |

| ECF 58-4 | Decl. of Ryan Lewis in Support of Sealing Motion | The highlighted portions of ¶¶ 9, 10, and 11. | GRANTED as the highlighted portions contain confidential information about InComm's internal systems and business practices contained in Exhibits 1, 2, and 3 to the Ledford Declaration, that if made public, could cause InComm competitive harm or impede InComm's ability to identify and combat future instances of fraud. *See* Lewis Decl. ¶¶ 12–18, 22–24 |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant InComm Financial Services, Inc.'s Renewed Administrative Motion to File Under Seal in Connection Defendants' Motion to Dismiss is GRANTED.

Dated: July 9, 2024

_____
BETH LABSON FREEMAN
United States District Judge